■ LAWRENCE DIETZ, JR., Appellant, v. LUCIE M. DIETZ, Respondent.— In an action by the husband against his wife for a judicial separation, in which she counterclaimed for the same relief, plaintiff appeals: (1) from an order of the Supreme Court, Suffolk County, dated December 31, 1960, which, as a condition to granting his motion to open his default in appearing at the

trial, to vacate the inquest taken against him upon defendant's counterclaim and to restore the action to the calendar for trial, required him to pay $50 costs and to serve and file a notice restoring the action to the calendar for a date not later than January 16, 1961; and which, in the event of his noncompliance with such conditions, denied his motion unconditionally with $50 costs; and (2) from the decision of said court holding that plaintiff's default was deliberate and unjustifiable. Order modified as follows: (1) by extending until March 1, 1961, plaintiff's time to serve and file a notice to restore the action to the calendar for trial at the earliest available date to be fixed by the clerk of the court, in the event that prior to March 1, 1961 the plaintiff shall have paid the $50 costs; and (2) by denying his motion unconditionally without costs, instead of with $50 costs, in the event that plaintiff shall not have paid said costs within the time prescribed. As so modified, order affirmed without costs. Appeal from decision dismissed. No appeal lies from a decision. In our opinion, under all the circumstances, it was a proper exercise of discretion to require plaintiff to pay $50 costs as a condition to opening his default. However, if plaintiff shall fail to make such payment and to comply with such condition, with the result that his motion to open his default is denied unconditionally, then plaintiff should not be further penalized by also being required to pay the $50 costs in addition to suffering the unconditional denial of his motion. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Pette, JJ., concur.