Nicodemus **HENDRICKS**
v.
**ALCOA STEAMSHIP CO., Inc.**
Civ. A. No. 30135.

United States District Court
E. D. Pennsylvania.
Dec. 31, 1962.

On Motion to Vacate Default
Feb. 18, 1963.
As Amended March 6, 1963.

See also 206 F.Supp. 693.

Joseph M. Leib, Philadelphia, Pa., Louis R. Harolds, New York City, for plaintiff.

Thomas E. Byrne, Jr., Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

The above nine-page Motion, with voluminous attachments, is based on the following documents and information in the record in this case:

1. On September 19, 1961, plaintiff propounded interrogatories to be answered by the present defendant (Document No. 6).

2. On November 1, 1961, the court entered an order directing certain of such interrogatories to be answered within thirty days (Document No. 11).

3. Since defendant had failed to comply with the order of November 1, 1961, plaintiff filed a motion for an order, requesting, among other things, a default judgment under F.R.Civ.P. 37, on December 18, 1961 (Document No. 17).

4. On February 8, 1962, the court filed its order sur the above-mentioned first motion for sanctions under Rule 37 (Document No. 17), directing the defendant, among other things, to answer certain interrogatories within 30 days and to submit certain additional information in connection with the answers which had been first filed by the defendant on January 11, 1962 (Document No. 24), within 30 days.

5. Since defendant had failed to comply with the court's order of February 8, 1962, plaintiff filed a second motion for, among other things, an order entering default judgment under F.R.Civ.P. 37 on March 16, 1962 (Document No. 47). In view of an agreement by defendant "to recast the answers to" plaintiff's interrogatories, plaintiff withdrew this second motion (see letter attached to order of April 11, 1962, being Document No. 54).

6. In June 1962, the plaintiff filed this third motion for default judgment under F.R.Civ.P. 37 (Document No. 65), which came before the court for argument in September 1962 and is the subject of this Memorandum.

7. In June 1962, defendant agreed in writing with the court to produce "the Chief Mate and Mr. Foster for their depositions, * * * the next time that such individuals are on the East Coast of the United States," and to "the photographing of Hold No. 2 of the S.S. ALCOA PATRIOT and other appropriate areas of that vessel at a time when such hold is substantially empty * * *." [See Order of June 20, 1962 (Document No. 68) with attached letter of defendant dated June 25, 1962.] In a comment attached to the above-mentioned Order of June 20, 1962, the court commented on "the constant volume of requests for rulings in this case," which volume has resulted on several occasions from the dilatory conduct of defendant in complying with the time limitations in the court rules and court orders.

8. The attached letters from counsel of December 13 and 14, 1962, make clear that none of these agreements described in paragraph 7 have been carried out. Defendant's counsel has not clearly stated in his letter of December 14 that the Chief Mate has not been present on the East Coast of the United States within the last six months under circumstances where he could have been produced for the promised deposition.

The above brief references to the record make clear that defendant has failed to comply with orders dated November 1, 1961 (Document No. 11) and February 8, 1962 (Document No. 38), entered under F.R.Civ.P. 37(a), compelling the answers to interrogatories. Under these circumstances, a default judgment is authorized by F.R.Civ.P. 37 (b). Such a judgment is also authorized on this record under F.R.Civ.P. 37(d), due to wilful failure to answer interrogatories. See Rosenberg, Sanctions to Effectuate Pre-Trial Discovery, 58 Col.L. Rev. 480 (1958).

Reluctant as the undersigned is to enter default judgments, the above record of plaintiff's difficulties in obtaining discovery in this case indicates that drastic action is required. Defendant will be given an opportunity to show cause, if there is any, why this default judgment should be set aside.

## ORDER

AND NOW, December 31, 1962, after consideration of plaintiff's Motion To Strike Answer and For Related Relief (Document No. 65), oral argument on such Motion, the attached Memorandum of defendant, and the record, IT IS ORDERED that:

(a) judgment of default is entered in favor of Nicodemus Hendricks, plaintiff, and against Alcoa Steamship Co., Inc., defendant, and

(b) defendant is given the opportunity at 2 P.M. on Thursday, January 10, 1963, to show cause why this default judgment should be set aside and to apply for entry of an order vacating such judgment.

## SUR DEFENDANT'S MOTION TO VACATE DEFAULT

The hearing held January 11, 1963[1] (see Document 75 for transcript), the affidavits filed by the parties (Documents 74, 76, and 77), and the record, make the following clear:

A. Both the Chief Mate[2] and the Third Mate[3] were present on the east coast of the United States on more than two occasions between June 1962 and the entry of the Order of December 31, 1962, and they were not produced for their depositions until after this court entered the default judgment of December 31, 1962.

B. In spite of the fact that defendant voluntarily agreed, by letter of June 25, 1962, to produce "the Chief Mate and [the Third Mate] for their depositions * * * the next time that such individuals are on the East Coast of the United States," its apparent justification for this failure to comply with its voluntary commitment to the court are statements that it made reasonable efforts to comply and statements such as the following on page 2 of its Memorandum, even though defendant had ample opportunity in, prior to, or subsequent to its letter of June 25, 1962, to state to the court that it was not feasible for it to comply with its above-mentioned undertaking:

"It is a matter of which the Court should take judicial notice that the within case is not close to trial and it is not practical to give it preference in trial preparation over cases which were and are close to trial in this Court."

C. After entry of the default judgment of December 31, 1962, defendant has taken prompt action to produce the Chief Mate and Third Mate for their

---

1. At the request of counsel, the hearing was continued from January 10, 1963, as specified in the Order of 12/31/62 (Document 72). The background of this matter is explained in the Memorandum filed with that Order.

2. Mr. Evans was serving on the S.S. Alcoa Polaris in June 1962 (page 3 of Document 76). Between that month and 12/31/62, the vessel was in Philadelphia six times and in other east coast ports on numerous occasions. See page 3 of Document 76. Although there were reasons making the taking of the deposition in Philadelphia between October and December 1962 difficult, the affidavits indicate that the deposition could have been taken in September in Philadelphia and at many times in New York or Baltimore.

   Exhibits A to C of Document 77 apparently relate to the taking of the photographs on board the S.S. Alcoa Patriot where the accident occurred, which pictures the record now makes clear were taken in October 1962.

3. Mr. Foster was in New York in November 1962 (see page 2 of Document 76 and page 2 of Document 77). No reason has been stated why he could not have been directed to report in New York or Philadelphia sufficiently in advance of the November 2 sailing date so that he could be deposed.

depositions, which were taken on January 18 and January 22, 1963.

D. At no place in its affidavits (Documents 74 and 77), Motion to Vacate Default (Document 73), the attached Memorandum, or lengthy argument of defendant's counsel at the hearing (pages 2–11 and 24–50 of Document 75) has defendant ever expressed regret (a) that it has not complied with its voluntary agreement to produce the above-mentioned ship's officers "the next time that such individuals are on the East Coast of the United States" or (b) that it did not notify the court that its organization was such that it could not undertake to comply with those agreements.

E. Defendant has not challenged the allegation in the affidavit of plaintiff's counsel (Document 76, page 9) that he is entitled to $1000. "because of loss of time and expense required of him, which could have been avoided had defendant complied with the orders of the Court and the spirit of the rules." (See, also, pages 4 and 5 of Document 76 concerning expenses in connection with taking of photographs and the record showing, inter alia, arguments in September and January in this matter.)

F. Defendant has not contended that compliance with sub-paragraphs (a), (c), (d), and (f) of B on pages 8 and 9 of Document 76 would impose an unreasonable burden on it.

G. Defendant has failed to answer completely several of the interrogatories (Document 6) filed over a year ago (Paragraphs 27–29, 90) [4] and continues to fail to file properly designated answers to specific interrogatory 58,[4] even though the court, at the hearing of January 11, 1963, suggested [5] that defendant was entitled to such a designated answer to at least one interrogatory in order to

shorten the trial by enabling plaintiff to read the question and designated answer to that question to the jury in the briefest possible time. Defendant misconstrues paragraph C on page 4 of the comment to the Order of June 20, 1962 (Document 68). That paragraph specifically pointed out that plaintiff's Motion (Document 65), complaining of the failure of defendant to answer the above interrogatories properly, and on the basis of which, inter alia, the default judgment of December 31, 1962, was entered, would not be considered until the next argument list.

With reference to paragraph B above, defendant's normal practice of preparing cases for trial on the basis of their position on the trial calendar has no bearing on its obligation to carry out a commitment voluntarily undertaken to this court. The agreement was not to make "reasonable efforts" to produce these officers for their depositions but to produce them for their depositions "the next time that such individuals are on the East Coast of the United States." In any event, reasonable efforts were not made to produce the Chief Mate prior to December 31, 1962, in view of the many times he has been at an east coast port between June 25, 1962, and December 31, 1962 (see page 3 of Document 76).

Plaintiff may apply for leave to take the depositions described at page 9 of its affidavit (Document 76) and may pursue other discovery sought in that document, including the filing of more specific interrogatories directed to defendant.

■ The attached conditional order to vacate the default will be expanded to cover statements if plaintiff agrees to exchange all his statements with the defendant.

---

4. Defendant was directed to furnish a further answer to this interrogatory by order of 2/8/62 (Document 38).

5. Pages 40–41 of Document 75. The hearing judge even offered to write defendant's counsel a letter notifying him of the unanswered interrogatories, but counsel rejected the court's offer, saying "I am not asking the Court to do my work for me" (page 41 of Document 75).

After consideration of the entire record, the undersigned has reduced the application for a counsel fee and expenses by $250.

## ORDER

AND NOW, February 18, 1963, IT IS ORDERED that, upon submission of proof by defendant that it has complied with these conditions, defendant's Motion to Vacate DEFAULT (Document 73) will be granted:

A. Filed a specifically labeled answer to plaintiff's interrogatory 58 and further answers to interrogatories 27–29 and 90 (Document 6) within thirty (30) days.

B. Paid within thirty (30) days to the registry of the court $850.00 to cover fees, costs, and expenses of plaintiff's counsel in the amount of $750. and 4% compound interest per annum on this sum from February 18, 1963, until the final termination of this case, at which time such $750. and interest shall be paid from the registry of the court to plaintiff's counsel, provided, however, that if this case has not been finally terminated on February 1, 1966, defendant shall pay an additional $100. into the registry of the court.

C. Produced within thirty (30) days, or such additional time as may be agreed upon by counsel or specified by the court, in New York City or Philadelphia for inspection and copying or photographing the following:

1. All books, manuals, memoranda or letters of instruction issued by defendant for the guidance of its Masters and Mates with reference to cargo and/or dunnage handling activities of its vessels and the work of longshoremen aboard its ships.

2. All instructions or memoranda issued by defendant for the guidance of its Captains and officers pertaining to procedures to be followed in connection with personal injuries sustained by longshoremen aboard its vessels.

3. All documents signed by the Captain, the ship's Mates and the gangway watchman on duty the night of the accident pertaining to this case, except statements given to investigators and similar documents.

4. The agreement between the defendant and the West Indian stevedoring company which provided the longshoremen, as in effect at the time of the accident.