■ HENSEY PROPERTIES, INC., et al., Appellants, v. ENRIQUE LAMAGNA, Doing Business as WINDSOR DECORATORS, Respondent. — Order, entered on December 5, 1963, unanimously modified, on the law, on the facts, and in the exercise of discretion, to provide that the motion to vacate the default of the defendant in answering be conditioned upon payment by defendant to plaintiffs at office of plaintiffs' attorneys, within 10 days after service of copy of order entered hereon, with notice of entry, the sum of $760 heretofore offered by defendant to cover plaintiffs' expenses, and in addition $250 costs, plus the costs of the action to date and the costs and disbursements of this appeal, and, as so modified, affirmed, with $30 costs and disbursements to appellants. The defendant's time to appear and answer in this action expired on July 16, 1963. The defendant requested extensions of time for appearance and answer and, in connection therewith, and from time to time, sent forms of proposed stipulations to plaintiffs' attorneys for them to sign and return. It appears that these forms were mailed to plaintiffs' attorneys by defendant's liability insurer, and that defendant did not formally appear in the action by an attorney. The plaintiffs' attorneys did not sign the proposed stipulations and the time of the defendant to appear and answer was not extended. Not having received notice of defendant's appearance by an attorney, the plaintiffs on August 15, 1963, notified both the defendant and its liability insurer by certified mail that unless an appearance and answer was received within 10 days, proceedings to enter a default judgment would be taken. The defendant ignored this notice and its liability insurer claimed that the letter was inadvertently misfiled. Finally, the action was placed upon the calendar on November 22, 1963 for the taking of an inquest. The defendant, who had not as yet appeared in the action by an attorney, appeared in court on that day by an attorney and, on his application, an adjournment was granted for the purpose of allowing time for the motion to open the defendant's

default. The defendant's default was not inadvertent. The liability insurer was well aware that the defendant was required to appear and answer through an attorney, but, nevertheless, it sought extensions of time which were not granted. If, in good faith, additional time to answer was required, an attorney should have been retained to appear in the action, and said attorney should have sought the extensions. The default of the defendant or its liability insurer to properly appear in this action cannot be considered other than deliberate. The liability insurer's tactics here, since they circumvent the requirement that a party appear in an action by an attorney at law, tend to thwart and delay the orderly processing of the action. The defendant, at the time of the motion, offered to pay plaintiffs $760 to cover their expenses in the matter of preparing for the inquest. In addition thereto, the defendant, as a condition of relieving it from its default, should be required to pay substantial costs and disbursements to date, which, in the discretion of the court, are fixed as aforesaid. Concur — Botein, P. J., Breitel, McNally, Stevens and Eager, JJ.