Robert C. **THORPE**, Appellant,

v.

Bessie P. **THORPE**, Appellee.

No. 19729.

United States Court of Appeals District of Columbia Circuit.

Argued March 15, 1966.

Decided June 30, 1966.

Mr. Norment Custis, Washington, D. C., for appellant.

Mr. Charles H. Mayer, Washington, D. C., with whom Mr. Lewis H. Shapiro, Washington, D. C., was on the brief, for appellee.

Before BAZELON, Chief Judge, and BURGER and LEVENTHAL, Circuit Judges.

LEVENTHAL, Circuit Judge:

On May 28, 1965, appellee filed a complaint against appellant alleging that she was entitled to one-half or all of the proceeds of a check in the amount of $63,308.16 payable to appellant and appellee, which the appellant had cashed, signing the appellee's name in endorsement. Appellee also originally sued the American Security and Trust Company for wrongfully paying out the proceeds of the check to appellant. That claim was dismissed and the bank is not involved in this appeal. The check represented proceeds from the sale of property allegedly held by appellant and appellee as tenants by the entireties. Appellant retained a lawyer, who withdrew because of other pressing business after holding the papers for eleven days. A second lawyer was then engaged, but no timely answer to appellee's complaint was filed. On June 29, 1965, a default judgment in favor of appellee in the amount of $31,654.08 (one-half the proceeds of the check) was entered by the Clerk of the District Court. This was done pursuant to an affidavit filed by appellee naming that amount as the amount claimed due.

Appellant then hired a third attorney, who moved on July 12, 1965, to set aside the default judgment on the ground of excusable neglect, averring also that appellant had a complete defense to appellee's action. The motion was referred to an assistant pre-trial examiner who, on July 26, recommended that the default judgment be vacated on the condition that appellant add $30,008.-16 to funds he already had on deposit, and put the resulting amount of $63,-308.16 in a joint savings account for himself and appellee. On August 31, 1965, the District Judge, after hearing, ratified and confirmed the order of the pre-trial examiner. Appellant did not obtain a supersedeas bond and his motion for stay of judgment pending appeal was denied on October 13, 1965. Appellee then executed her judgment, but this did not moot the appeal as she contends.[1]

At the outset we reject appellant's contention that the default judgment was improperly entered by the Clerk of the District Court because it was not "for a sum certain or for a sum which can by computation be made cer-

---

[1] An appellant perfects a valid appeal by filing a notice of appeal. Rule 73(a), FED.R.CIV.P. A person who cannot furnish a supersedeas bond does not lose his right to appeal if the judgment is executed. He merely takes the risk of not getting his money back if the judgment is reversed. Koster & Wythe v. Massey, 262 F.2d 60, 62 (9th Cir. 1958).

tain" within the meaning of Rule 55(b)(1), FED.R.CIV.P. Here the plaintiff's complaint demanded judgment for $63,-308.16, the full amount of the check in question, or $31,654.08, exactly one-half the amount of the check. Although there was an alternative demand in the complaint, this did not preclude the Clerk from validly entering a default judgment, at the request of appellee, for the smaller of the two specific amounts set forth in the complaint as constituting a "claim * * * for a sum certain."[2]

We think the District Judge was correct in treating this case as an appropriate one for exercise of discretion under Rule 55(c), FED.R.CIV.P., to vacate the default judgment and proceed to a trial on the merits. The philosophy of modern federal procedure favors trials on the merits, and default judgments should generally be set aside where the moving party acts with reasonable promptness, alleges a meritorious defense to the action, and where the default has not been willful.[3] It is not disputed that the default was not a willful one, that appellant alleged a complete defense on the merits,[4] and that appellant acted promptly to vacate the default judgment after it was entered and he was apprised of it.

In granting a motion to vacate a default judgment the District Court may impose reasonable conditions. Rule 60(b), FED.R.CIV.P., to which Rule 55 (c) refers, provides for relief "upon such terms as are just." Erick Rios Bridoux v. Eastern Air Lines, 93 U.S.App.D.C. 369, 214 F.2d 207 (1954). The condition most commonly imposed is that the defendant reimburse the plaintiff for costs—typically court costs and attorney's fees—incurred because of the default.[5] Appellee does not allege, nor is there any indication, that appellee suffered prejudice from appellant's default over and above costs customarily incident to pressing a default judgment.

It may also be appropriate, in some cases, for the defendant to be required to post bond to secure the amount of the default judgment pending trial on the merits. However, the condition imposed in this case—that appellant place in a joint bank account, in escrow, not only the amount of the default judgment, but the maximum amount demanded by appellee in her complaint—is unusual, indeed, so far as we can ascertain, unprecedented. It goes beyond placing the parties in the position they were in before the default; it seeks, rather, to place them in the position they were in prior to the action that preceded, and precipitated, the litigation.

Assuming, without deciding, that restoring the parties to the status quo ante the alleged wrong is appropriate in some cases, there is no showing of any justification for doing so in this case. Neither the pre-trial examiner nor the District Court made findings or gave rea-

---

2. Compare N.Y.Civ.Prac.Law & Rules § 3215(a) (McKinney ed. 1963), Reviser's Note, at p. 823, pointing out that under a New York statute virtually identical with Rule 55(b)(1), the clerk may enter a default judgment for the amount demanded in the complaint (if it is a "sum certain") or at the plaintiff's option for a lesser sum.

3. See 6 MOORE, FEDERAL PRACTICE ¶55.-10 (2d ed. 1953); Erick Rios Bridoux v. Eastern Air Lines, 93 U.S.App.D.C. 369, 372, 214 F.2d 207, 210 (1954); Patapoff v. Vollstedt's Inc., 267 F.2d 863, 865-866 (9th Cir. 1959).

4. We are not here faced with a case where the movant alleges a defense but the court concludes that the defense is lack-

ing in substance in view of facts as to which there is no genuine issue. Compare Rule 56, FED.R.CIV.P.

Here the allegation of defense was amplified in the facts alleged in appellant's affidavit submitted on October 8, 1965, subsequent to the entry of the order by the District Court. This is not strictly speaking in the District Court record, but it underscores the fact that the District Judge did not purport to find that there was no bona fide defense.

5. Hendricks v. Alcoa S.S. Co. Inc., 32 F.R.D. 169 (E.D.Pa.1963); Hensey Properties, Inc. v. Lamagna, 23 A.D.2d 742, 258 N.Y.S.2d 495 (1965); Solomon v. Terlizzi, 15 A.D.2d 802, 224 N.Y.S.2d 702 (1962).

sons to justify imposition of the extraordinary condition. The fact that appellee's complaint demanded the full amount of the check as well as half the amount is not in itself a justification. She was, after all, willing to take a default judgment in the lesser amount. With that amount frozen in appellant's bank account, she was already in a substantially better position than at the outset of the litigation.

In opposing appellant's motion to vacate the default judgment, appellee suggested no reason why the condition should be imposed other than alleging that the cashing of the check was "wrongful." But an order entered on that basis begs the crucial question, the very point at dispute between the parties, whether appellant's action was wrongful or whether, as he claimed, appellee had consented to it. Furthermore, no reason was given why, if appellee were entitled to the additional $30,000 from appellant for wrongfully endorsing her name, she could not also recover it from the bank, co-defendant in the case.[6]

When such an extraordinary condition is approved it must be accompanied by supporting findings to show that it represents a reasonable exercise of discretion. We therefore remand the case to determine whether the order and condition should be retained—together, of course, with an order for restitution of the judgment executed by appellee.

If the District Judge concludes, with supporting findings, that an unusual condition is called for, he should also consider whether one less onerous than that originally imposed may not be more appropriate. Appellant raised the question in his objection to the recommendation of the pre-trial examiner, and at the hearing before the District Judge, whether the condition imposed was a deprivation of property without due process in violation of the Fifth Amendment. He did not specifically flesh out this claim by alleging his inability to comply with the condition. However, in an affidavit filed October 8, 1965, in support of his motion to stay judgment pending appeal, appellant clearly stated that he does not have the cash to put up. He alleged that appellee permitted him to endorse the check in order to use the proceeds to buy a tourist home in Durham, North Carolina. Appellant, whose bank account was frozen by court order, did not post a supersedeas bond. His motion for stay of execution was opposed in view of this failure and was denied by another judge without hearing or argument.

If appellant's claim that he simply is unable to comply with the condition imposed is true, serious questions are raised, questions having an aura of denial of due process of law. See Societe Internationale, etc. v. Rogers, 357 U.S. 197, 209–210, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958), where the Supreme Court stated, in another context, that imposition of an "impossible" condition of a litigant's right to a trial on the merits raises constitutional difficulties. If it is determined on remand that an unusual condition is justified, but that appellant is unable to raise the cash for the reasons he suggests, the court should consider the possibility of providing that in lieu of cash the appellant may tender, for purposes of this litigation, instruments representing his interests in any newly-acquired property.

Remanded for proceedings consistent with this opinion.

---

6. The complaint against the bank was not dismissed until November 30, 1965, on motion of the bank, with appellee's consent. At that time appellee had executed her default judgment, but appellant's appeal was already pending in this court.