Ingridhutte Kurt WOKAN

v.

**ALLADIN INTERNATIONAL, INC.,**
**Appellant.**

No. 72–2106.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
July 2, 1973.

Resubmitted Under Third Circuit Rule
12(6) Sept. 12, 1973.

Decided Sept. 13, 1973.

David S. Malis, Malis, Tolson & Malis, Marvin Krasny, Adelman & Lavine, Philadelphia, Pa., for appellant.

Frederich H. Ehmann, Jr., Philadelphia, Pa., for appellee.

Submitted Under Third Circuit
Rule 12(6) July 2, 1973

Before GIBBONS and HUNTER, Circuit Judges.

Resubmitted Under Third Circuit
Rule 12(6) Sept. 4, 1973

Before GIBBONS, HUNTER and WEIS, Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Circuit Judge.

In this diversity contract action, the defendant, Alladin International, Inc. (Alladin), appeals from the refusal of the district court to set aside a default judgment. The plaintiff, Ingridhutte Kurt Wokan (Ingridhutte), a West German glassware manufacturer, on April 20, 1972, filed a complaint in two counts.

The first count sought $3,048.00, the price of goods actually delivered to Alladin. The second count sought $17,498.75 plus interest and storage charges, for goods ordered by Alladin, never delivered, but allegedly specially manufactured and not resalable. Process was served on Alladin's president on May 2, 1972. Alladin did not respond in any manner, and a default judgment in the amount of $23,495.26 was entered on July 21, 1972. Thereafter, Ingridhutte issued execution attaching Alladin's bank account at Fidelity Bank. Judgment was entered against the garnishee bank on August 17, 1972, in the amount of $9,796.36.[1] This left an unsatisfied balance on the judgment of $13,698.90.

Counsel for Alladin (who is also an officer of the corporation) learned on August 14, 1972, that the account at Fidelity Bank had been attached. That day he called Ingridhutte's attorney, advising that the funds attached represented money which had been advanced to Alladin by two of his acquaintances for the purpose of permitting Alladin to make a 20% settlement offer to its creditors, and that such a settlement offer had been made to and accepted by Alladin's creditors other than Ingridhutte. On August 22, Alladin filed a motion pursuant to Fed.R.Civ.P. 55(c) and 60(b) to set aside the default judgment.

■ The first ground asserted for setting aside the default judgment was that it had been entered without notice to Alladin's counsel, in violation of Rule 55(b)(2). This ground is entirely without merit. From the time the complaint was filed until August 14, 1972, there was no word from, never mind appearance, on behalf of Alladin. See Port-Wide Container Co. v. Interstate Maintenance Corp., 440 F.2d 1195 (3d Cir. 1971).

■■ The second ground for setting aside the default judgment was that it resulted from "mistake, inadvertence, surprise, or excusable neglect." Fed.R.

---

1. Although the record is not clear, apparently there were no supersedeas of the garnishment judgment and the amount was paid over.

Civ.P. 60(b)(1). Alladin's moving papers did not dispute that it owed the $3,048.00 referred to in the first count. On a motion to set aside a default or a default judgment, the moving party must show that he has a meritorious defense. 6 J. Moore, Federal Practice ¶ 55.10[1], at 55–233 (2d ed. 1972). The district court, therefore, properly declined to reopen the judgment on the first count. It did, however, on September 28, 1972, order that the default judgment be opened on the second count, conditioned upon Alladin posting a bond for $14,500.00 to secure the $13,698.90 *unsatisfied* portion of the judgment, with interest, should Ingridhutte prevail on the merits. Financially embarrassed, Alladin was unable to post any such bond. On October 17, 1972, it moved to set aside the September 28, 1972 order and to set aside the default judgment unconditionally. The district court denied this motion on October 18, 1972, and this appeal followed. We have been advised by counsel that thereafter on November 13, 1972, Alladin filed a petition under Chapter XI of the Bankruptcy Act, 11 U.S.C. § 701 et seq., for an arrangement with its creditors.[2] So far as we know, the Chapter XI proceeding has not resulted in an adjudication in bankruptcy. We are advised that no steps have been taken with respect to the judgment pursuant to Section 67(a) of the Bankruptcy Act, 11 U.S.C. § 107(a).

■ A motion pursuant to Rule 60(b)(1) for relief from a judgment is addressed to the sound discretion of the district court, and we may not disturb that court's action in the absence of an abuse of discretion. Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir. 1951); Orange Theatre Corp. v. Rayherstz Amusement Corp., 130 F.2d 185, 187 (3d Cir. 1942), cert. denied, 322 U.S. 740, 64 S.Ct. 1057, 88 L.Ed. 1573 (1943). Here the facts relied upon to establish such "mistake, inadvertence, surprise, or excusable neglect" are, to say the least, weak. But the district court held them to be sufficient, and Ingridhutte has not urged by cross appeal that this holding was an abuse of discretion. The sole substantial issue on the appeal is the propriety of the condition to reopening.

■ Rule 60(b) gives the district court explicit authority to impose terms upon the opening of a default judgment. Rarely, however, have the federal courts had occasion to discuss what those terms may be. The few cases which have dealt with the problem are collected in Annot., Propriety of Conditions Imposed in Granting Relief From Judgment Under Rule of Civil Procedure 60(b), 3 A. L.R.Fed. 956 (1970). The condition most commonly imposed is the payment of costs or attorneys fees. *E.g.*, Hendricks v. Alcoa Steamship Co., 32 F.R.D. 169 (E.D.Pa.1963). The imposition of a condition that a bond be posted to secure any judgment is discussed in Thorpe v. Thorpe, 124 U.S.App.D.C. 299, 364 F.2d 692 (D.C.Cir.1966); there the district court entered an order vacating a default on condition that the defendant deposit in a joint savings account for himself and the plaintiff the amount demanded in the complaint, which actually exceeded the amount of the default judgment. The defendant, unable to make such a deposit, appealed. Judge Leventhal wrote:

> "It may also be appropriate, in some cases, for defendant to be required to post bond to secure the amount of the default judgment pending trial on the merits. However, the condition imposed in this case—that appellant place in a joint bank account, in escrow, not only the amount of the default judgment, but the maximum amount demanded by appellee in her complaint—is unusual, indeed, so far as we can ascertain, unprecedented.

**2.** The record does not disclose, and the parties have not advised, whether this appeal is prosecuted by a debtor in possession pursuant to Section 342 of the Bankruptcy Act, 11 U.S.C. § 742, or by a receiver pursuant to Sections 343 and 2(a)(3) of the Act, 11 U.S.C. §§ 743, 11(a)(3).

It goes beyond placing the parties in the position they were in before the default; it seeks, rather, to place them in the position they were in prior to the action that preceded, and precipitated, the litigation.

Assuming, without deciding, that restoring the parties to the status quo ante the alleged wrong is appropriate in some cases, there is no showing of any justification for doing so in this case.

\* \* \*

When such an extraordinary condition is approved it must be accompanied by supporting findings to show that it represents a reasonable exercise of discretion.

\* \* \*

If appellant's claim that he simply is unable to comply with the condition imposed is true, serious questions are raised, questions having an aura of denial of due process of law. See Societe Internationale, etc. v. Rogers, 357 U.S. 197, 209–210, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958), where the Supreme Court stated, in another context, that imposition of an 'impossible' condition of a litigant's right to a trial on the merits raises constitutional difficulties." *Id.* at 694–95. Judge Leventhal's opinion in Thorpe v. Thorpe, *supra,* is as close as we have found to an authority in point. The order here, of course, is somewhat different in that it requires security only for the unsatisfied part of the judgment rather than for an amount in excess thereof equal to the original demand. The $9,796.36 obtained from Fidelity Bank was not affected by the order. As to that sum, apparently, it was intended that Alladin run the risk of not getting back any excess over the amount due on the first count if its defense on the second count should prevail. The security required was for the unpaid part of the judgment. We have the same difficulty with this condition to vacating the default as did Judge Leventhal with the condition imposed in *Thorpe.* We think it perfectly proper for a district court in an appropriate case to impose the condition to vacating a default judgment that the judgment holder not be deprived of any payment or security he has obtained as a result of the judgment. But it is difficult to imagine what set of circumstances would justify the imposition of a condition that the now disputed claim be made more secure than it was prior to the court's action on the Rule 60(b) motion. There may be such circumstances, but they do not appear in this record.

■ In Thorpe v. Thorpe, *supra,* the District of Columbia Circuit remanded for findings which might support the unusual condition imposed, and for consideration of other less drastic conditions. Possibly in that domestic dispute circumstances justifying a requirement of pre-judgment security could at a hearing appear. We do not think any such circumstances could appear in this commercial lawsuit. Nevertheless, because the district court's action under Rule 60(b) is discretionary, we believe a remand is appropriate. As we said earlier, Alladin's factual showing of "mistake, inadvertence, surprise, or excusable neglect" was rather thin. Quite possibly the court was led to the exercise of discretionary power to reopen in part because of a mistaken belief that the condition of pre-judgment security for the full amount of Ingridhutte's claim could be imposed on this record. Since we hold otherwise, the district court should have an opportunity to reconsider the motion to vacate the default judgment on the second count.

Nothing in this opinion shall be construed as a ruling upon the effect on the default judgment or the garnishment of Fidelity Bank of the Chapter XI proceeding.

The case will be remanded to the district court for further proceedings consistent with this opinion.