Bruce G. Dean, J.
The basic facts appear to be as follows:
A proceeding was commenced in Town Justice Court, Town of Ulysses, Tompkins County, New York, returnable on or about September 25, 1975 before the Honorable Roger N. Rector, Town Justice. Plaintiffs appeared by said counsel and defendant appeared in person and stated to the court that he would be represented by John Lo Pinto, Esq. Pursuant to section 902 of the Uniform Justice Court Act, the complaint herein was set forth by indorsement on the summons, referred to by the trial court Judge as "notice of object of action”. Defendant William Auble, at his appearance, stated to the Honorable Roger N. Rector, that there was no cause for action, in substance, a general denial. Pursuant to section 1301 of the Uniform Justice Court Act, Judge Rector then set October 21, 1975, at 8:00 p.m., as the trial date, being within the 30 days under the statute. A jury trial was directed.
The summary of the trial court Justice refers to setting a time to draw the jury panel, and advising John Lo Pinto, Esq., by telephone of the time and place thereof. Justice Rector also refers to later meeting and talking to said attorney on the street in Ithaca, New York, and that a written notice as a reminder was sent to both attorneys a week prior to the scheduled trial date.
On October 25, 1975 the date scheduled for trial, plaintiffs and their counsel appeared, together with court officers and the members of the jury panel. There was no appearance by defendants in person or by counsel. Plaintiffs then moved for judgment on said default, and on October 27, 1975 a money judgment was entered in their favor, which is the subject of this appeal.
After various proceedings and motions to vacate judgment and for a new trial, including affidavits of the parties and several attorneys, finally, by order dated January 19, 1976 the Honorable Roger N. Rector, as Town Justice, vacated the default judgment of October 27, 1975 and in the exercise of the said court’s discretion, inter alia, ordered a new trial which was stated to be upon the following condition: "that John Lo Pinto, Esq., attorney for defendants herein, pay to the plaintiffs costs in the sum of $100.”
Where attorneys have appeared of record in proceedings and are before the court, that court has the power to impose an obligation upon an attorney to pay court costs where there is some neglect or other form of delinquency on the part of *999 the attorney in the performance of his obligations to his client and to the court as an officer of the court. For example, in Siegel v Tamarack Lodge Hotel (46 AD2d 684) the plaintiffs attorney was directed to pay personally to defendant $250 costs, for the alleged neglect of said attorney in handling the action, this as a condition in vacating an order of dismissal. Similarly, in Springer v Marangio (38 AD2d 852) order directing default vacated upon condition that plaintiffs attorney pay $100 to defendant where several defaults had been incurred by plaintiffs. This court has also examined several other case authorities cited by the respective parties, and finds the imposition of costs on an attorney, under delinquent circumstances, only where the attorney assessed has been an active participant as trial counsel.
The Uniform Justice Court Act replaces the Justice Court Act which covered a barrage of detail. Where no specific provision is contained in the act, the CPLR is applicable in all civil courts of the State. (CPLR 101.) The practice commentary to the Uniform Justice Court Act (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, p 76) refers to the express invitation to the informality of practice, but the informality of the practice referred to here, as the basis for imposing costs on an attorney, is contrary to the provisions of CPLR 320, which prescribes the requirement of appearance by a defendant and the manner in which defendant may appear, by serving an answer or a notice of appearance, or by making a motion which has the effect of extending the time to answer. "Until an attorney serves a formal notice of appearance or an answer or makes a motion which has the effect of extending the time to answer, he has no general standing in the cause either to bind or protect his client, and an attorney for the plaintiff can proceed as if the defendant had not appeared.” (4 Carmody-Wait, 2d, NY Prac, § 26:19.)
The statement of defendant, Auble, to the court on the return day of the summons that John Lo Pinto, Esq., was his attorney, and the other conversations of the Town Court Justice with said attorney out of court, do not constitute an appearance as required by statute. It follows that the trial court in the instant case is without power to impose costs against said attorney personally, although the trial court Judge may be of the opinion that John Lo Pinto, Esq., was retained by the defendant and should have appeared and requested an adjournment which would have saved plaintiff, *1000 the Trial Judge and the jury panel the inconvenience of appearing on October 21 or 25, 1975, as the case may be.
The activity referred to by Judge Rector as a basis for standing of attorney Lo Pinto to authorize the imposition of the fine of $100, did not constitute an appearance by defendant through said attorney. It was the personal appearance of defendant, William Auble, on September 25, 1975, which precluded plaintiff from obtaining a default judgment on that date. (CPLR 321, subd [a].)
When defendant, Auble, did not appear in person or by counsel on October 21 or 25, 1975, the court found him to be in default and the default judgment, as requested by plaintiff, was in order.
On motion and pursuant to CPLR 5015, the Honorable Roger Rector relieved defendant, William Auble, of said default and imposed payment of costs by attorney Lo Pinto as "such terms as may be just”. This payment by attorney Lo Pinto is the condition upon which the said order is granted. This court recognizes the duty and obligation of Judge Rector to control the operations of his court. However, on this appeal, this court must find that John Lo Pinto had no standing in Kimple v Auble and therefore was not subject to any judicial control prior to the time he appeared with respect to the proceeding relating to the default judgment.
Certainly, imposition of costs in the sum of $100 is a lawful condition to relieve defendant Auble from the default herein. This court would not find it to be an improvident exercise of discretion. Terms may be imposed on a party although an excusable default. (Solomon v Terlizi, 15 AD2d 802; Dietz v Dietz, 12 AD2d 972; Chauncey Real Estate Co. v Burkaloff, 13 Misc 2d 442; Hensey Props. v La Magna, 23 AD2d 742.)
The order of January 19, 1976, which vacates the default judgment is modified on the facts and the law, striking therefrom the following: "That John Lo Pinto, Esq., attorney for the defendants herein pay to the plaintiffs”. While this court may find that attorney Lo Pinto is not subject to the costs assessed, it cannot substitute its discretion for that of Judge Rector. All proceedings on the motion of defendant to vacate the default judgment are remanded to the said Town Justice Court for further proceeding on the resettlement of the said order with respect to terms and conditions for vacating judgment, in keeping with this decision. (CPLR 5015, 5522.)