POKRASS, APPELLEE, *v.* ALL SECURITY, INC., APPELLANT.

(No. 80AP-582—Decided December 9, 1980.)

*Mr. Sanford J. Cohan,* for appellee.

*Messrs. Tudor, Cloud & Cesner* and *Mr. Robert E. Cesner, Jr.,* for appellant.

McCORMAC, J. Plaintiff-appellee, Steven G. Pokrass, filed a complaint against the defendant-appellant, All Security, Inc., on April 17, 1979, seeking judgment in the amount of $1,831.90 allegedly due him as salary in his employment with defendant. Defendant answered denying the claim and seeking judgment on a counterclaim in the amount of $26.54. After several continuances, the reasons for which do not appear in the record, the case was set for trial on February 6, 1980; at which time, plaintiff was present with counsel and defendant, through counsel or otherwise, failed to appear. The court rendered a default judgment in the amount of $1,831.90, plus interest and costs.

On February 13, 1980, defendant filed a motion, pursuant to Civ. R. 60(B), to set aside the judgment based upon excusable neglect, as defendant had changed counsel, and defendant's former attorney had failed to inform defendant or its new attorney of the trial date. Affidavits were submitted by both the former attorney and the new attorney to this effect. A defense on the merits was also alleged. The trial court ultimately sustained the motion for relief from judgment for excusable neglect on the condition that defendant post a bond with the court in the amount of $2,000 to assure payment of any judgment that may later be awarded. Defendant moved for reconsideration of the condition to the order of vacation; at which time, it produced evidence that defendant was financially unable to post a bond in the amount of $2,000 or security therefor. In lieu thereof, defendant indicated that it was willing to pay a reasonable sum towards the attorney's fees of opposing counsel to cover expenses involved in the proceedings under Civ. R. 60(B) and suggested an amount of $150. The motion for reconsideration was overruled.

Defendant has appealed, setting forth the following assignment of error:

"The trial court erred in overruling the motion of defendant-appellant to set aside the requirement of a surety bond in the amount of two thousand dollars ($2,000.00) which the trial court had previously required as a condition to setting aside a default judgment in the amount of eighteen hundred and thirty one dollars and ninety cents ($1,831.90), plus interest and costs. Such error exists in view of the unrefuted evidence presented by defendant establishing the impossibility to post the surety bond as a condition to setting aside a default judgment, after the trial court previously ruled that proper grounds existed for setting aside the default judgment under

Rule 60(B) of the Ohio Rules of Civil Procedure."

Civ. R. 60(B) provides, as pertinent, as follows:

"On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, * * *."

It is within the discretion of the trial court to determine what terms are just as a condition to relieving a party from a final judgment.

There appear to be no Ohio cases discussing the imposition of terms or conditions upon the granting of a motion for relief from judgment; but two cases decided pursuant to Fed. R. Civ. P. 60(b), which is nearly identical to Civ. R. 60(B), are instructive.

In *Thorpe* v. *Thorpe* (C.A.D.C., 1966), 364 F. 2d 692, a default judgment was entered in the amount of $31,654.08. A motion to vacate the judgment and to proceed to a trial on the merits was granted on condition that defendant place an amount in a joint savings account, in escrow, of not only the default judgment, but also the amount demanded by plaintiff in her complaint, which was double the amount of the default judgment. The Circuit Court for the District of Columbia held that a District Court may impose reasonable conditions pursuant to Fed. R. Civ. P. 60(b), which are most commonly that the defendant reimburse the plaintiff for costs — specifically court costs and attorney's fees — incurred because of the default. *Thorpe, supra,* at 694. The Circuit Court also said that it may be appropriate in some cases for the defendant to be required to post bond for security in the amount of the default judgment pending trial on the merits, but that the condition imposed by the trial court was unreasonable as it went beyond placing the parties in the position that they were in before the default but, rather, placed them in the position they were in prior to the action that preceded and precipitated the litigation. *Id.* The trial court had given no reasons why the condition was reason-

able, and the Circuit Court pointed out that requiring the deposit as a condition to a trial on the merits placed plaintiff in a substantially better position than at the outset of the litigation. *Id.,* at 694-695. The case was remanded to the trial court to determine whether the order and condition should be retained, as the original condition required findings to show a reasonable exercise of discretion when such an extraordinary condition was attached to vacation of a judgment.

The Circuit Court further pointed out that if, as defendant claimed, he was unable to comply with the condition imposed, that serious questions were raised of a possible denial of due process of law. *Id.,* at 695. Citing *Societe Internationale* v. *Rogers* (1958), 357 U.S. 197, the Circuit Court noted that "* * * the Supreme Court stated, in another context, that imposition of an 'impossible' condition of a litigant's right to a trial on the merits raises constitutional difficulties. * * *" *Id.* The Circuit Court suggested that the trial court consider alternative conditions that would not so deprive the defendant of his day in court.

In a later case, *Wokan* v. *Alladin International, Inc.* (C.A. 3, 1973), 485 F. 2d 1232, defendant moved to set aside a default judgment of $23,495.26, of which $9,796.36 had been recovered through execution, leaving an unsatisfied balance on the judgment of $13,698.90. The judgment was set aside, conditioned upon the posting of a bond for $14,500 to secure the $13,698.90 unsatisfied portion of the judgment, with interest, should plaintiff prevail on the merits. Defendant was financially embarrassed and unable to post any such bond and had, in fact, filed a petition under the Bankruptcy Act for an arrangement with its creditors.

While recognizing that a motion for relief under Fed. R. Civ. P. 60(b) is addressed to the sound discretion of the trial court with explicit authority to impose terms, the Third Circuit pointed out that the only reason for the bond being re-

quired was that plaintiff be secured against nonpayment of the judgment in the event that he prevailed after trial on the merits. The Third Circuit found that while it may be proper for a trial court "* * * in an appropriate case to impose * * * [a] condition to vacating a default judgment that the judgment holder not be deprived of any payment or security he has obtained as a result of the judgment[,] * * * it is difficult to imagine * * * [a] set of circumstances [which] would justify the imposition of a condition that * * * [a] now disputed claim be made more secure than it was prior to the court's action on the Rule 60(b) motion. * * *" *Wokan, supra,* at 1235.

The Third Circuit pointed out that defendant's "* * * factual showing of 'mistake, inadvertence, surprise, or excusable neglect' [as grounds for relief from judgment] was rather thin * * * [and that] possibly the [trial] court was led to * * * exercise * * * [its] discretionary power to reopen [the judgment] in part because of a mistaken belief that the condition of pre-judgment security for the full amount of * * * [plaintiff's] claim could be imposed * * *." *Id.* Thus, in remanding the case, the Third Circuit stated that the District Court should have an opportunity to reconsider the motion to vacate the default judgment as well as the terms and conditions applicable thereto.

This case is very similar to *Wokan.* The only apparent justifying reason for the imposition of the condition of posting a $2,000 bond was to secure the payment of the judgment in the event that plaintiff ultimately prevailed. The only evidence before the trial court was that defendant could not post the bond because of adverse financial conditions. The effect of the condition attached to the vacation of the judgment is that plaintiff is placed in a better secured position than before the default judgment was obtained. Absent extraordinary circumstances, which have not been shown, the condition is unreasonable and unjust and may lead to a valid claim of denial of due process of law.

However, as in *Wokan,* the grounds for relief from judgment are rather thin, possibly being based upon counsel's inexcusable, rather than excusable neglect (see *GTE Automatic Electric* v. *ARC Industries* [1976], 47 Ohio St. 2d 146 [1 O.O.3d 86]); thus, the trial court may have been motivated to vacate the judgment based upon the premise that adequate security for payment of the judgment could be given plaintiff.

As in *Wokan,* the vacation order, including the imposition of the condition of posting a $2,000 bond, is vacated. The case is remanded to the trial court to reconsider the granting of relief from judgment by first finding specifically whether the neglect of defendant's counsel was excusable, rather than inexcusable, and if so, to grant relief from judgment with terms imposed that are just and reasonable, such as imposition of attorney's fees and costs.

*Judgment reversed
and cause remanded.*

STRAUSBAUGH, P.J., and REILLY, J., concur.