GOVERNMENT OF THE VIRGIN ISLANDS
GOVERNMENT INSURANCE FUND, Plaintiff

v.

GREGORY E. MILLER, Defendant

Civil No. 663/82

Territorial Court of the Virgin Islands

Div. of St. Croix at Kingshill

February 7, 1985

MICHAEL STEWART MCLAURIN, ESQ., Assistant Attorney General (Office of the Attorney General), Christiansted, St. Croix, V.I., *for plaintiff*

GREGORY E. MILLER, ESQ., Christiansted, St. Croix, V.I., *pro se*

SILVERLIGHT, *Judge*

## MEMORANDUM

This matter is before the Court on Motion of Plaintiff to Vacate

Judgment and Order. For the reasons set forth below, plaintiff's Motion will be granted.

## FACTS

Plaintiff, Government of the Virgin Islands Insurance Fund, filed the instant suit on or about July 9, 1982. The gravamen of plaintiff's complaint was defendant Gregory Miller's breach of his agreement to pay Six Thousand Five Hundred Ninety-Two Dollars and Ninety Cents ($6,592.90) to plaintiff. Defendant was personally served with a copy of the complaint on August 10, 1982. On October 28, 1982, plaintiff moved for an entry of judgment by the Clerk of the Court grounded upon defendant's failure to answer the complaint. No action was taken upon plaintiff's motion.

On November 3, 1982, defendant filed his answer to plaintiff's complaint. Concurrently, he filed a Motion to File Answer Out of Time. Said motion was granted on November 8, 1982. On December 30, 1982, plaintiff filed a Motion for Summary Judgment. On January 11, 1983, plaintiff moved for a continuance of the trial scheduled for January 18, 1983, on the grounds that a resolution of the Motion for Summary Judgment in its favor would necessarily eliminate the need for a trial. The Court granted plaintiff's Motion for Continuance on January 13, 1983. A decision on plaintiff's Motion for Summary Judgment, however, was never rendered by the court. The trial was rescheduled for August 8, 1983.

On July 22, 1983, defendant was granted a continuance of the August 8, 1983 trial date and a new date was fixed for the matter to be heard on September 30, 1983. On September 30, 1983, plaintiff moved for a continuance and defendant objected thereto. The court, finding no justification for plaintiff's unreadiness, dismissed the case with prejudice and judgment was entered in favor of defendant on October 4, 1983. Exactly one year later, on October 4, 1984, plaintiff moved this Court to vacate and set aside the judgment pursuant to Rule 60(b) Fed. R. Civ. P.[1]

---

[1] Fed. R. Civ. P. 60(b), as pertinent, provides as follows:
    Rule 60. Relief from Judgment or Order . . .

    (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect. . .

# DISCUSSION

A Motion pursuant to Rule 60(b) for relief from a judgment is addressed to the sound discretion of the trial court. Wokan v. Alladin International, Inc., 485 F.2d 1232 (3d Cir. 1973).[2] As a general matter, defaults are not favored and any doubt should be resolved in favor of setting aside the default and reaching a decision on the merits. Gross v. Stereo Component Systems, 700 F.2d 120, 122 (3d Cir. 1983); Medunic v. Lederer, 533 F.2d 891 (3d Cir. 1976); Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 245–46 (3d Cir. 1951).

The three factors which should be evaluated in considering a motion to reopen a default judgment under Fed. R. Civ. P. 60(b) are (1) whether the non-movant will be prejudiced; (2) whether the movant has a meritorious claim; and (3) whether the culpable conduct of the movant led to the default. United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984); Feliciano v. Reliant Tooling Co., 691 F.2d 653, 656 (3d Cir. 1982); Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982). This Court finds that plaintiff has satisfied all of the conditions set forth above.

Defendant's declaration of certain prejudice should this Court vacate the judgment is untenable. Defendant's assertion is predicated on his alleged loss of a case file which contained notes regarding various conversations with plaintiff's attorneys. (Affidavit of Gregory Miller, ¶¶ 6, 7). Yet these notes are wholly irrelevant to the issues presented by plaintiff's complaint. In essence, the government claims that defendant signed various written contracts wherein he agreed to pay Six Thousand Five Hundred Ninety-Two Dollars and Ninety Cents which had been owed to plaintiff by defendant's former client, Eric Krigger, in return for plaintiff's dismissal of claims which had been instituted against Krigger and/or defendant. Any notes regarding conversations with plaintiff's attorney would not vary the terms of the aforementioned contracts. Thus, their loss would not constitute a loss of available evidence which would support a finding of prejudice. Feliciano v. Reliant Tooling, 691 F.2d at 657.

The record is clear that plaintiff has a meritorious claim against defendant. The evidence is unrefuted that

---

[2] While such a motion would normally be entertained by the trial court which rendered the original decision, this Court is now called upon to handle the matter due to a change in the assignment schedules.

(1) On December 12, 1979 plaintiff and defendant entered into a written contract wherein defendant agreed to pay monies owed by his client, Eric Krigger, to the Government Insurance Fund. In consideration thereof, the government agreed to enter a notice of dismissal of its suit (Civil No. 886/79) against Krigger (Plaintiff's exhibit "D").

(2) On December 17, 1979, a notice of dismissal was filed by plaintiff (Plaintiff's exhibit "C").

(3) On July 1, 1981, plaintiff and defendant signed a second agreement. This contract provided for defendant to make monthly payments of not less than $100.00 commencing on July 1, 1981, and continuing thereafter until the entire sum of $6,592.90 is paid. In return, plaintiff agreed to dismiss its suit against defendant for breach of the December 12, 1979 contract (Plaintiff's exhibit "A").

(4) Plaintiff filed a notice of dismissal (Plaintiff's exhibit "B").

(5) Defendant has made payments totalling $500.00 to plaintiff but remains indebted to plaintiff in the amount of $6,092.90 (Defendant's Affirmative Defense, ¶ 1).

Hence, based upon the foregoing, plaintiff not only had a meritorious claim, but clearly would have been given the relief it sought had the court addressed plaintiff's Motion for Summary Judgment.

Finally, we consider whether the culpable conduct of plaintiff led to the default. This Court finds that it did not. Since the filing of its complaint, plaintiff has followed all the proper steps to efficiently resolve this matter. It moved for an entry of judgment by the Clerk of the Court when defendant failed to answer its complaint. It later filed a Motion for Summary Judgment. The sole instance prior to September 30, 1983, wherein plaintiff moved for and was granted a continuance in January, 1983. As stated, infra, the purpose of the continuance was to afford the trial court the opportunity to decide plaintiff's then pending Summary Judgment Motion.

Defendant, on the other hand, filed his answer almost three months late. Furthermore, he filed no opposition to plaintiff's Summary Judgment Motion. In addition, defendant was granted a continuance of the August 8, 1983, trial date in order to attend a seminar and to handle other business matters in the United States. In viewing the record as a whole, this Court finds that plaintiff's conduct was not such as to warrant dismissal in this case.

## CONCLUSION

Based upon the foregoing, plaintiff's Motion to Vacate the Judgment of October 4, 1983, is granted.

## ORDER

For the reasons set forth in Memorandum Opinion filed on even date herewith, it is

ORDERED that plaintiff's Motion to Vacate Judgment and Order is GRANTED.