**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1500
_____

UNITED STATES OF AMERICA,

v.

MATTHEW MINOR

*MICHAEL MINOR; SONYA SAWYER,
                                       Appellants
*(Pursuant to Rule 12(a), Fed. R. App. P.)
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Criminal No. 1-08-cr-00105-001)
District Judge:  Honorable Leonard P. Stark

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 16, 2011
Before:  RENDELL, FUENTES and WEIS, <u>Circuit</u> <u>Judges</u>
(Opinion filed: January 6, 2012 )
_____

OPINION
_____

PER CURIAM.

**I.**

On June 3, 2010, the District Court entered an "Amended Final Order of

Forfeiture" in an ancillary proceeding connected to the criminal prosecution of defendant Matthew Minor. The appellants, Michael Minor (Minor) and Sonia Sawyer (Sawyer) -- Matthew Minor's nephew and common-law wife, respectively -- sought to challenge that order, which affected a parcel of land and a motor vehicle in which they claimed to possess a legal interest. They filed motions for relief from judgment pursuant to Fed. R. Civ. P. 60(b), which the District Court denied. We will affirm.

## II.

As the parties are familiar with the background of this case, we will recount only those facts pertinent to this appeal. Defendant Matthew Minor was indicted in July of 2008 on various drug-related charges. The United States sought the criminal forfeiture of, *inter alia*, an Acura and the property at 72 S. Broad in Penns Grove, New Jersey.[1] Matthew Minor pleaded guilty on December 15, 2008, and the District Court entered a "Preliminary Order of Forfeiture."

Shortly thereafter, Minor and Sawyer – represented by Matthew Minor's CJA counsel, whom they had privately retained -- commenced an ancillary proceeding under 21 U.S.C. § 853(n)(2), asserting interests in the Acura and in 72 S. Broad. Following discovery, the Government moved to dismiss the claims, arguing that neither Minor nor

---

[1] The appellants continue to argue that an amount of forfeited United States currency is also in controversy. The record indicates that a claim for this currency was not filed in the relevant ancillary proceeding, although appellant Sawyer argues that she *did* file a claim with the DEA; Sawyer also asserts that her attorney failed to raise the forfeiture of currency in her initial filings, contrary to her instructions. As we will not reach the merits of the forfeiture order, whether this claim was properly preserved is irrelevant.

Sawyer had an interest in the property and therefore lacked standing to contest the forfeiture. While the appellants' attorney assured them he was handling the matter, there is no indication that he ever took steps to file a response to the Government's motion. In the events that followed, Matthew Minor (but not Minor or Sawyer) asked his attorney to withdraw, the District Court entered the Amended Final Order of Forfeiture, and the attorney was granted permission to withdraw from *all* representation—in both the criminal and ancillary proceedings—on June 8.

Allegedly taken by surprise by both the withdrawal of their attorney and the adverse resolution of the Government's unopposed motion to dismiss, the appellants responded by filing a flurry of submissions, both counseled and pro se, in the District Court, including motions under Rules 60(b)(1) and 60(b)(6) for relief from judgment.

The District Court held a hearing on the Rule 60 motions on December 21, 2010, and ultimately denied relief. Announcing his reasoning from the bench, the District Judge acknowledged that the Rule 60 determination was "a fairly close call," but did not believe that the claimants had met their burden. The Judge emphasized that he was mindful of the need to weigh "the value of finality in judgments versus the opportunity for parties to be heard." In this case, and exercising his discretion, the Judge decided to strike the balance "in favor of finality in these circumstances." He also did not agree with the claimants that the forfeiture ruling was a "default judgment."

Following the denial of 60(b) relief, Minor and Sawyer filed two timely notices of appeal. The first appeal was voluntarily withdrawn. The second is presently before this

3

Court and is not ripe for disposition.[2]

We review the District Court's order for abuse of discretion. Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008). "An abuse of discretion occurs when the district court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." Agere Sys. v. Advanced Envtl. Tech. Corp., 602 F.3d 204, 216 (3d Cir. 2010) (citation, quotation omitted). Rule 60 may not be used as a substitute for an appeal. Fiorelli, 337 F.3d at 288.

To prevail under Rule 60(b)(1) requires a showing of "mistake, inadvertence, surprise, or excusable neglect." In determining excusable neglect, a court must consider four factors: (1) prejudice to the adverse party; (2) length of the delay and its potential impact on the judicial proceedings; (3) reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. In re Cendant Corp. Prides Litig., 311 F.3d 298, 300 (3d Cir. 2002). "Because of the language and structure of Rule 60(b), a party's failure to file on time for reasons beyond his or her control is not considered to constitute neglect." Pioneer Inv. Servs. v.

---

[2] We have jurisdiction over the appeal from the denial of the Rule 60 motions pursuant to 28 U.S.C. § 1291. To the extent that appellants argue that we can exercise jurisdiction over the Amended Final Order of Forfeiture, entered June 3, 2010, because that order did not satisfy the "separate judgment" requirement of Fed. R. Civ. P. 58(a) and therefore was not actually entered until November 1, 2010, we reject that argument. Even if Rule 58 did apply in the criminal forfeiture context, the June 3 order would have complied with its requirements. See LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 224 (3d Cir. 2007); In re Cendant Corp. Secs. Litig., 454 F.3d 235, 242–43 (3d Cir. 2006).

4

Brunswick Assocs., 507 U.S. 380, 394 (1993) (internal quotations omitted).

At the outset, the appellants are incorrect when they describe the forfeiture order as a "default judgment." A default judgment is one "entered against a defendant who has failed to plead or otherwise defend against the plaintiff's claim." Black's Law Dictionary 480 (9th ed. 2009). Such a judgment may, in some circumstances, be "set aside . . . under Rule 60(b)." Fed. R. Civ. P. 55(c); see, e.g., Thorpe v. Thorpe, 364 F.2d 692, 694 (D.C. Cir. 1966). Here, the appellants were involved in the action, and their attorney's failure to respond to the motion to dismiss did not transform the adverse judgment into one obtained via default.[3] The appellants cannot, therefore, take advantage of "the general disfavoring in the law of awarding judgments by default." Lorenzo v. Griffith, 12 F.3d 23, 27 n.4 (3d Cir. 1993).

And in the absence of default, we cannot conclude that the District Court abused its discretion in denying 60(b)(1) relief. The Judge correctly identified the applicable rule, and focused on the prejudice to the Government resulting from the delay in the case; moreover, he observed that "[t]here were things that could have been done to prevent this case from getting as complex and difficult and burdensome as it has become. We detect

---

[3] The appellants argue that United States v. Contents of Accounts Nos. 3034504504 & 144-07143, 971 F.2d 974 (3d Cir. 1992), should control for the proposition that a successful motion to dismiss based on standing renders the resulting judgment a "default." That case is distinguishable: it involved a "civil forfeiture *in rem*," not a criminal forfeiture under § 853; and the Government filed a motion for default judgment following its successful motion to strike for lack of standing. Id. at 975–76. No such explicit default is present here.

no errors warranting reversal.

With regard to 60(b)(6) relief, the appellants were required to demonstrate "extraordinary circumstances" to justify relief from judgment. Gonzalez v. Crosby, 545 U.S. 524, 535 (2005) (collecting cases). To meet this burden, there must be "a showing that without relief from the judgment, an extreme and unexpected hardship will result." Budget Blinds, 536 F.3d at 255 (internal quotations omitted). While this case is certainly unusual, we cannot conclude that the District Court abused its discretion in finding the situation to be not so extraordinary as to warrant relief, especially given the general proposition that clients "must be held accountable for the acts and omissions of their attorneys." See Pioneer, 507 U.S. at 396. Nor can we say, as a matter of law, that the conduct of appellants' counsel should compel reversal of the District Court's exercise of its discretion. Cf. Boughner v. Sec'y of Health, Educ. & Welfare, 572 F.2d 976, 977–79 (3d Cir. 1978) (reversing 60(b)(6) determination when counsel had demonstrated a repeated pattern of failing to respond to pleadings).[4] We will therefore affirm the District Court's judgment.

---

[4] Indeed, the appellants cannot escape the fact that they had numerous opportunities to seek timely, appropriate relief, but did not do so. Most strikingly, they had *two* chances to effect a timely appeal of the actual June 3 order, both of which were squandered. See also United States v. Stazola, 893 F.2d 34, 37 (3d Cir. 1990) (conducting plenary review of aspects of § 853(n) proceedings). Nor does the record reflect impediments to retaining the assistance of counsel. While we sympathize with the appellants regarding the initial, unexpected abandonment by counsel, the mess that this case has become is not excused by the mere fact of counsel's alleged dereliction of duty.