**SECURITIES AND EXCHANGE COM-
MISSION, Plaintiff,**

v.

**Harry VOGEL, Eugene Vogel, Philip
Levy, L. A. Frances, Ltd., A. Frank
Sidoti, Defendants.**

No. 69–Civ. 3270.

United States District Court,
S. D. New York.

Dec. 11, 1969.

Germaise, Cooper & Quinn, New York City, for defendants, L. A. Frances and A. Frank Sidoti, by Norman W. Grant, New York City, of counsel.

Kevin Thomas Duffy, Regional Admr., Securities and Exchange Commission, New York City, for plaintiff.

## MEMORANDUM

CROAKE, District Judge.

This is an action in which plaintiff contends that defendants have been and are now engaged, and are about to engage, in acts and practices which constitute and will constitute violations of Sections 5(a) and 5(c) of the Securities Act of 1933, 15 U.S.C. §§ 77e(a) and 77e(c). Defendant L. A. Frances, Ltd. is a registered broker-dealer and employs defendant A. Frank Sidoti as a securities salesman and office manager. It is alleged in the complaint that these two defendants have offered to sell and have sold approximately 60,000 unregistered shares of common stock of Vista Industries Corp. in violation of the above-cited laws. The other defendants in this action, Harry Vogel, Eugene Vogel, and Philip Levy, likewise alleged to have participated in these illegal stock transactions, but not involved in the instant motion, are officers, directors and shareholders of Vista Industries Corp. Plaintiff seeks to enjoin the alleged illegal acts and practices.

On August 25, 1967, the summons and complaint in this action were served on defendants A. Frank Sidoti and L. A. Frances, Ltd. According to the records of this Court, these latter defendants neither submitted an answer within the time prescribed by Rule 12 of the Federal Rules of Civil Procedure nor obtained any extension of the time allowed. On October 28, 1969, some 26 months after the service of the summons and complaint on these defendants, plaintiff requested the clerk of this Court to enter the default of defendants, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Plaintiff likewise requested the clerk to issue a Certificate of the Entry of Default against these defendants, pursuant to Rule 8(b) of the Civil Rules of the United States District Court for the Southern and Eastern Districts of New York. On that same date, the clerk entered the default of these defendants and issued his Certificate of Entry of Default.[1]

On November 13, 1969, defendants L. A. Frances, Ltd. and A. Frank Sidoti obtained an order from the Hon. Thomas F. Murphy of this Court that plaintiff show cause (1) why the said entry of their default by the clerk of this Court should not be set aside for good cause shown, pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, and (2) why said defendants should not

---

1. Default judgment has not been entered against defendants L. A. Frances, Ltd. and A. Frank Sidoti and, as indicated *infra*, plaintiff's motion for entry thereof has been stayed, pending the determination of the instant motion by said defendants to set aside the entry of default and allow them to interpose an answer. For an explanation of the distinction between a default and a default judgment, as made by Rule 55, Fed.R.Civ. P., *see* 3 Wright, Federal Practice and Procedure, sec. 1211 at 79 (1958).

be permitted to enter a defense on the merits in this action. Judge Murphy stayed all further proceedings in this action, pending the disposition of defendants' instant motion and entry of any resultant order. Defendants' motion was brought on for argument before the undersigned on November 18, 1969, and decision was reserved.

We have examined the affidavit of A. Frank Sidoti, dated November 2, 1969, the affidavit of Norman W. Grant, dated November 10, 1969, the complaint, the proposed answer, the Certificate of Entry of Default and the papers filed heretofore in this action. This Court has received no papers in opposition from plaintiff, although the latter did appear and oppose said defendants' motion at oral argument on November 18, 1969.

In support of their motion, said defendants rely on Rule 55(c) of the Federal Rules of Civil Procedure which reads as follows:

> For good cause shown the court may set aside an entry of default * * * [2]

Defendants A. Frank Sidoti and L. A. Frances, Ltd. argue that good cause exists in the instant case. They maintain that upon being served with the summons and complaint in this action on August 25, 1969, they forthwith caused these documents to be delivered to their attorney, Edmund Rosner, Esq., of 401 Broadway, New York, New York. Said defendants indicate that thereafter, in conversation had with this attorney, they were led to believe that the instant matter was being handled by him, and that they would be called upon if needed. According to the affidavit of Mr. Sidoti, it was only upon learning of the entry of default that defendants first learned that their lawyer had not submitted an answer and handled the matter fully for them. Moreover, according to the affidavit submitted by defendants' new counsel, Norman W. Grant, Esq., Mr. Rosner insists that he did in fact interpose an answer. The Court has no statement from Mr. Rosner. Although there is no answer on file in the office of the Clerk of this Court, the docket sheet shows receipt of an answer, but this record of receipt is crossed out.

■■ This Court will set aside the default entered against movant defendants and permit them to interpose an answer. After much deliberation, we have concluded that the said defendants have shown good cause for this relief, pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, as quoted *supra*, and the cases arising thereunder. We bear in mind that defaults are not favored by the law. Any doubt should be resolved in favor of setting aside a default so that a determination may be made on the merits of the case. Alopari v. O'Leary, 154 F.Supp. 78 (E.D.Pa. 1957). Where no substantial prejudice will result to the plaintiff, where defendants have not been guilty of gross neglect, and where defendants claim the existence and present a factual basis for a meritorious defense, this Court will set aside the default. *See* Hensley Equipment Co., Inc. v. Esco Corp., 383 F.2d 252 (5th Cir. 1967); Kulakowich v. A/S Borgestad, 36 F.R.D. 185 (E.D.Pa. 1964).

Defendants claim to have a meritorious defense and have alleged a factual basis of this proposed defense. Their main argument is that they were not in-

---

2. We note that the test of Rule 55(c) for setting aside a default is different from, and more lenient than, the test under Rule 60(b) for setting aside a default judgment entered pursuant to Rule 55(b). As is well stated by Moore, "a court might feel justified in setting aside a default on a showing that would not move it to set aside a default judgment." 6 Moore, Federal Practice, para. 55.10(2), p. 1831. *See* Albert Levine Associates, Inc. v. Kershner, 45 F.R.D. 450 (S.D.N.Y.1968); Eisler v. Stritzler, 45 F.R.D. 27 (D.P.R. 1968).

volved in the alleged illegal transactions in unregistered securities except as a buyer of stock in the open market and only after being thoroughly convinced that such transactions were without flaw. Defendants claim to be able to prove that their dealings in this stock were only after full reliance upon counsel and with conscientious exercise of due diligence throughout. We will not hold at this point that this proposed defense is without merit.

Furthermore, we conclude that there would be no substantial prejudice to plaintiff, if defendants are allowed to defend on the merits. The fact that plaintiff has waited over two years before attempting to put defendants in default indicates a lack of pressing urgency to the matter. On the other hand, the harm to defendants could be great if judgment were entered against them for the alleged violations.

Accordingly, the motion of defendants L. A. Frances, Ltd. and A. Frank Sidoti that this Court set aside their default is granted. Said defendants may interpose an answer in this action, which answer must be filed within fifteen (15) days of the filing of this Memorandum.

So ordered.