Edwin H. MORRIS, Plaintiff,

v.

Martin CHARNIN, Defendant.

No. 79 Civ. 6469.

United States District Court,
S. D. New York.

Feb. 29, 1980.

Linden & Deutsch, New York City, for plaintiff by Joseph Calderon, Richard A. Whitney, New York City, of counsel.

Gottlieb, Schiff, Ticktin, Sternklar & Singer, P. C., New York City, for defendant by Theodore Sternklar, Robert N. Chan, New York City, of counsel.

## MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

Before us is a motion pursuant to Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure to set aside the entry of default and of a default judgment on January 17, 1980 against defendant.

Defendant has acknowledged in his affidavit of January 30, 1980 that he was served with the summons and complaint on or about December 3, 1979, but that because of extreme work-related pressure, "I simply forgot to notify my attorneys that I had received the summons and complaint and, in fact, until my attorneys informed me that they had heard that a default judgment had been entered against me, I had completely forgotten about this action."

At a hearing before us, plaintiff's counsel, Theodore Sternklar, Esq., argued that: 1) defendant's default was due to excusable neglect on his part; 2) defendant is not a sophisticated businessman but rather is an artist (specifically, a composer) who lets others handle his business and legal affairs; 3) upon discovering defendant's default, his counsel moved as expeditiously as possible to have it set aside; 4) plaintiff would not be prejudiced if the default and default judgment were to be set aside; and 5) defendant has a meritorious defense.

It was also pointed out—both at argument and in an affidavit of defendant's counsel attached to the moving papers—that despite the fact that defendant's and plaintiff's respective counsel had been discussing the dispute underlying this action for some time prior to December 1979, plaintiff's counsel at no time advised defendant's counsel either that the summons and complaint had been served on defendant, or that a default was imminent.

We have concluded that defendant's motion should be granted.

"We bear in mind that defaults are not favored by the law. Any doubt should be resolved in favor of setting aside a default so that a determination may be made on the merits of the case. *Alopari v. O'Leary*, 154 F.Supp. 78 (E.D.Pa.1957). Where no substantial prejudice will result to the plaintiff, where defendants have not been guilty of gross neglect, and where defendants claim the existence and present a factual basis for a meritorious defense, this Court will set aside the default. *See Hensley Equipment Co., Inc. v. Esco Corp.*, 383 F.2d 252 (5th Cir. 1967); *Kulakowich v. A/S Borgestad*, 36 F.R.D. 185 (E.D.Pa.1964)." *Securities and Exchange Commission v. Vogel* (S.D. N.Y.1969) 49 F.R.D. 297, 299.

Plaintiff's counsel has conceded at argument that no substantial prejudice would be likely to result if the default were to be set aside. Also, although defendant certainly acted in an unbusinesslike fashion, we do not think that his conduct should be characterized as "gross neglect", and his counsel has set forth a possibly meritorious defense to the action. Furthermore, we are unable to find any legitimate reason for the failure of plaintiff's counsel to inform his adversary that the action had been commenced, or that a default on defendant's part seemed imminent.

Consequently, the January 17 entry of default and of the default judgment against defendant is set aside, and defendant is given leave to interpose an answer within twenty (20) days of the filing of this order.

So ordered.