SECURITIES & EXCHANGE COMMISSION, Plaintiff,

v.

CABLE/TEL CORP., et al., Defendants.

No. 80 Civ. 7170 (MEL).

United States District Court, S. D. New York.

July 9, 1981.

Irving Bizar, David S. Mann, New York City, of counsel.

LASKER, District Judge.

The Securities Exchange Commission ("Commission") sues for injunctive and other relief, for what it alleges were the fraudulent offer and sale of unregistered investment interests in cable television systems. Defendant Martin E. Hecht moves to vacate a default judgment against him; and defendants Continental Consultants Corp. ("CCC") and Benjamin Rabin move to dismiss Counts II and III of the complaint, claiming failure to allege fraud with the particularity required pursuant to Fed.R. Civ. P. 9(b). For the reasons stated below, both Hecht's motion to vacate and the motion of CCC and Rabin under Rule 9(b) are granted.

## I.

Hecht, an attorney, moves pursuant to Fed.R.Civ. P. 55(c) and 60(b) to vacate a permanent injunction entered against him on January 13, 1981, after he failed to file a timely answer to a complaint served upon him on December 17, 1980. Hecht claims the default occurred because the law firm to which he had sent the complaint, which had acted as his consultant in prior matters, erroneously concluded that Hecht intended to represent himself in this matter, and therefore did not file responsive papers. Upon learning of the default, Hecht filed this motion on January 16, 1981.

The requirements of Rule 60(b) have been met in this case. Hecht promptly asserted a reasonable excuse for his default, *see Watson v. Herndon*, 27 F.R.Serv. 2d 917, 918, 599 F.2d 1050 (4th Cir. 1979), and the resultant minimal time delay will not act to the prejudice of the Commission. *Securities & Exchange Commission v. Vogel*, 49 F.R.D. 297, 299 (S.D.N.Y. 1969). Moreover, Hecht has met the required burden of asserting facts which, if true, would constitute a meritorious defense, *e. g.*, that the sale of the investment interests at issue do not constitute the sale of securities within

Stephen L. Hammerman, Regional Adm'r, Securities & Exchange Commission, New York Regional Office, New York City, for plaintiff; Michael T. Gregg, Robert I. Frenkel, Steven A. Cohen, New York City, of counsel.

Litman, Friedman, Kaufman & Asche, New York City, for defendant Martin E. Hecht; Richard M. Asche, Russell M. Gioiella, New York City, of counsel.

Pincus, Munzer, Bizar & D'Alessandro, New York City, for defendants Continental Consultants Corp. and Benjamin Rabin;

the meaning of the federal securities laws; and lack of scienter as to the allegedly fraudulent acts. *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978). Actual proof of such a defense is not required to justify opening a default judgment.

In light of these facts, and the judicial policy favoring disposition of legal issues on their merits, *Altschul v. Paine Webber, Inc.*, 488 F.Supp. 858, 859–60 (S.D.N.Y.1980); *Securities & Exchange Commission v. Vogel*, 49 F.R.D. 297, 299 (S.D.N.Y.1969), broad-ranging equitable relief should not be imposed against Hecht by default. Accordingly, the judgment is vacated on the basis of excusable neglect pursuant to Fed.R.Civ. P. 60(b)(1). Hecht shall answer the complaint within twenty days of the filing of this memorandum.

## II.

Defendants CCC and Rabin move to dismiss Counts II and III of the complaint for failure to allege fraud with sufficient particularity, Fed.R.Civ. P. 9(b), in that the complaint (1) does not identify the statements and/or documents constituting the allegedly fraudulent acts; (2) attributes these statements to all the defendants jointly, without specification as to who committed which acts; and (3) fails to distinguish between those charged as primary defendants and those charged as aiders and abettors.

■ The complaint adequately describes the substance of the statements allegedly constituting the fraudulent acts, and the way in which those statements were false or misleading. It is, however, deficient in that it fails to identify any specific statements by a defendant or defendants, or the documents purportedly containing them. *See, e. g., Todd v. Oppenheimer*, 78 F.R.D. 415, 420 (S.D.N.Y.1978); *Denny v. Barber*, 73 F.R.D. 6, 9 (S.D.N.Y.1977), *aff'd*, 576 F.2d 465 (2d Cir. 1978).

The Commission's complaint is also inadequate in that it fails to specify each defendant's role in the alleged fraud. *See, e. g., Decker v. Massey-Ferguson Ltd.*, [1979–1980] Fed.Sec.L.Rep. (CCH) ¶ 97, 223, at 96, 655–5 to 656 (S.D.N.Y.1979); *Goldberg v. Meridor*, 81 F.R.D. 105, 111 (S.D.N.Y.1979). The allegations are based upon blanket references to all "defendants"; they do not differentiate among individual defendants, nor do they specify whether each defendant is being charged as either a primary defendant or an aider and abettor. These deficiencies frustrate the purpose of Rule 9(b) to assure that a defendant receive fair notice of the plaintiff's claim against him so he can prepare an adequate defense. *Ross v. A. H. Robins Co.*, 607 F.2d 545, 557 (2d Cir. 1979); *Felton v. Walston & Co.*, 508 F.2d 577, 581 (2d Cir. 1974).

In some cases, inadequacies in the complaint may be corrected through pretrial discovery. However, in view of the number of deficiencies and the multiplicity of defendants in this action, the proper course appears to be to make certain that the complaint is clear and technically valid. Accordingly, the complaint will be dismissed unless within thirty days the Commission files an amended complaint remedying the defects noted and meeting the requirements of Rule 9(b).

In sum, the motion to vacate the default judgment is granted; and the motion to dismiss Counts II and III of the complaint will be granted unless the complaint is amended within thirty days, meeting the requirements of Rule 9(b).

It is so ordered.