**SECURITIES & EXCHANGE COMMISSION, Plaintiff,**

v.

**CABLE/TEL CORP., et al., Defendants.**

**No. 80 Civ. 7170(MEL).**

United States District Court, S. D. New York.

Feb. 24, 1982.

See also, D.C., 90 F.R.D. 662.

Donald N. Malawsky, Regional Administrator, Securities and Exchange Commission, New York City, for plaintiff; Michael T. Gregg, Ralph Pernick, New York City, Robert I. Frenkel, New York City, of counsel.

Pincus Ohrenstein Bizar D'Alessandro & Solomon, New York City, for defendants Continental Consultants Corp. and Benjamin Rabin; Irving Bizar, New York City, Susan J. Meltzer, of counsel.

LASKER, District Judge.

Continental Consultants Corp. ("CCC") and Benjamin Rabin ("Rabin") move pursuant to Fed.R.Civ.Pr. 56 and 9(b) for partial summary judgment dismissing Counts II and III of the Amended Complaint on the ground that they lack scienter with respect to the alleged fraud and for dismissal on the ground that the Amended Complaint fails to allege fraud with particularity. The Securities and Exchange Commission ("SEC") cross-moves pursuant to Fed.R. Civ.Pr. 56(f) for a continuance to allow them to take discovery from Rabin and CCC.

In his affidavit in support of his and CCC's summary judgment motion, Rabin describes various steps he took with respect to the challenged transactions, including studying a "Bishop's Report" on the background, reputation and reliability of the principals of Cable/Tel, requesting an opinion of counsel as to the validity and legality of the offering, visiting the construction sites and obtaining cost estimates, and directing that offerees be informed that commissions would be paid. (Rabin Affidavit, p. 2) According to Rabin, the only document he authorized to be exhibited was the "Confidential Memorandum" on the offering, and he had no knowledge of any falsity or of any conspiracy to commit fraud and did not knowingly aid and abet any fraud. Rabin states that any diversion of funds accrued after his severance. (Rabin Affidavit, p. 3) Based on the affidavit, Rabin and CCC contend that they are entitled to summary judgment because they lacked scienter. In addition, they argue that the Amended Complaint fails to comply with our prior decision, 90 F.R.D. 662 (S.D.N.Y. 1981), because it refers to documents, correspondence and conversations without specifying them by place, date and persons involved.

The SEC responds that Rabin's affidavit is conclusory and fails to respond to the allegations that CCC and Rabin misrepre-

sented tax benefits available to investors, overstated construction costs, misrepresented profit projections and the details concerning ownership of cable television franchises, omitted to state the intended diversion of funds by Cable/Tel principals, and made false statements concerning Cable/Tel's financial condition. With respect to Rabin's assertion that he had no knowledge of the use of any material other than the "Confidential Memorandum," the SEC emphasizes deposition testimony of employees of the marketing organization used by Rabin and CCC and exhibits indicating that other documents (which were produced after subpoena by CCC's marketing organization) were shown under the CCC imprimatur after delivery from CCC, and were then returned to Rabin. In addition, the SEC notes inconsistencies between the investor contracts and the "Confidential Memorandum" which suggest that Rabin and CCC used documents other than the "Confidential Memorandum" in their solicitation of investors, and presents deposition testimony of members of Rabin's marketing organization to the effect that Rabin distributed and discussed with them the allegedly fraudulent documents. Moreover, the SEC contends that Rabin and CCC's scienter can be inferred from the fact that the documents delivered to the marketing organization specify enumerated purposes to which the cash invested would be put but did not include commissions. In any event, the SEC argues that Rabin previously asserted his privilege against self-incrimination with respect to various allegations and that, since Rabin has now waived the privilege by his assertions in his affidavit, the SEC should have an opportunity to conduct further discovery on these issues. Finally, the SEC asserts that its Amended Complaint complies with Rule 9(b) and our prior decision by specifically identifying the allegedly fraudulent statements, the documents in which they appear, and each defendant's role in the alleged fraud.

Rabin and CCC reply that the SEC has failed to present evidence of scienter as to the allegedly fraudulent statements and omissions, emphasizing that the SEC's own evidence reveals that investors were advised that "Finders' Fees" would be paid and that Rabin had to rely upon attorneys preparing the various documents to determine how such commissions were to be shown. To end it all, Rabin and CCC contend that the SEC has failed to delineate what it hopes to obtain from further discovery and accordingly its cross-motion should be denied.

■ Defendants' motion for summary judgment and to dismiss is denied. The SEC has presented evidence that, contrary to Rabin's assertions, Rabin delivered the documents containing the allegedly fraudulent statements and omissions to his marketing organization for them to present to potential investors and then return to Rabin. In addition, as the SEC argues, Rabin's affidavit is responsive only to some of the fraudulent activities alleged in the complaint and is conclusory in its denial of scienter. Since summary judgment is ordinarily "inappropriate when the issues concern intent," *S.E.C. v. Research Automation Corp.*, 585 F.2d 31, 33 (2d Cir. 1978), and the SEC has presented evidence from which the inference of knowledge might be drawn, defendants' motion for summary judgment is denied. Moreover, in light of the uncontroverted assertion that Rabin and CCC asserted their privilege against self-incrimination in earlier SEC inquiries, it would be manifestly unfair to decide the issue of intent based on the affidavit of Rabin before the SEC has had an opportunity to examine him with respect to the assertions made in his affidavit.

■ Moreover, defendants' contention that the Amended Complaint fails to comply with Rule 9(b) and our earlier decision is without merit. The Amended Complaint identifies the specific statements and omissions which are alleged to be fraudulent, the documents and passages in which they are made, and the alleged role of the defendants in the charged fraud. (E.g., Amended Complaint, ¶¶ 66, 69, 72, 74, 76, 77).

The motion of Rabin and CCC for partial summary judgment or dismissal is denied. The cross-motion of the SEC for a continuance is thereby rendered moot. This disposition is without prejudice to the SEC conducting further discovery from Rabin and CCC.

It is so ordered.