**ROUNDBALL ENTERPRISES, INC., Plaintiff,**

v.

**Michael Ray RICHARDSON and Professional Sports Management, Inc., Defendant.**

**No. 82 Civ. 7000(SWK).**

United States District Court, S.D. New York.

Sept. 21, 1983.

Don Cronson, New York City, for plaintiff.

Laurence Fechner, Sunshine, Slott & Sunshine, P.C., New York City, for defendant.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

The above-captioned action came before this Court upon the motion of defendant Michael Ray Richardson ("Richardson"), pursuant to Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure, for an order vacating the default judgment en-tered against him in this case on May 20, 1983. For the reasons stated below, Richardson's motion is granted.

## BACKGROUND

Plaintiff Roundball Enterprises, Inc. ("Roundball") commenced this action against Richardson and G. Patrick Healy ("Healy") by filing the complaint herein on October 21, 1982. Richardson is a well-known professional basketball player. Roundball alleged that it was Richardson's exclusive agent, and asserted claims against Richardson for fees allegedly owing, and against Healy, the President of Professional Sports Management, Inc. ("PSM"), Richardson's current agent, for tortious interference with its contractual relationship with Richardson.

Service of the complaint was effected upon Healy shortly after the complaint was filed. Service upon Richardson was allegedly effected on March 9, 1983, as Richardson was leaving the basketball court following a New Jersey Nets professional basketball game. (Affidavit of Joseph Roldan dated July 5, 1983; Affidavit of Clay McMichaels, Jr., dated July 5, 1983). Richardson, however, has "no recollection of such service" and swears that he "never saw the summons and complaint until June 21, 1983." (Affidavit of Michael Ray Richardson dated June 24, 1983, ¶¶ 5, 13). Richardson does admit awareness of the action as early as October, 1982, because of communications with Healy (*Id.*, ¶ 3).

Healy moved for dismissal of the complaint as against him for want of *in personam* jurisdiction. That motion was granted by the Honorable Robert W. Sweet by order dated March 31, 1983, on the grounds that any contact Healy had with New York was in a representative capacity for PSM, not in his individual capacity.

Roundball moved for leave to file an amended complaint naming PSM as a defendant in the action on April 13, 1983. It appears that this motion was not served upon Richardson.

Richardson did not answer the complaint within twenty days of the alleged service. At some time subsequent to Richardson's time to answer, Roundball moved for entry of default judgment as against Richardson (the application is not indicated on the docket sheet in this case). Richardson apparently was not served with this application.

On May 17, 1983, Roundball sent an *ex parte* letter to the Court (without copy to either Healy, on behalf of PSM, or Richardson), inquiring into the status of its two applications.[1]

On May 20, 1983, Roundball's motion for leave to file an amended complaint was granted by order of the Honorable Robert W. Sweet. On that same date, Roundball's motion for a default judgment in the amount of $116,485 was also granted by Judge Sweet.

Richardson now moves this Court for an order vacating that default judgment pursuant to Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure.

## DISCUSSION

■ The criteria applicable to a motion to vacate a default judgment in this Circuit were very recently recited in *Davis v. Musler,* 713 F.2d 907 (2d Cir.1983). Those criteria are as follows: "(1) whether the default was willful; (2) whether defendant has a meritorious defense; and (3) the level of prejudice that may occur to the non-defaulting party if relief is granted." *Id.* at 915. *See also, Meehan v. Snow,* 652 F.2d 274, 277 (2d Cir.1981); *Medunic v. Lederer,* 533 F.2d 891 (3d Cir.1976); *Morris v. Charnin,* 85 F.R.D. 689, 690 (S.D.N.Y.1980).

■ This Court finds that Richardson's default was not willful. Richardson swears to this Court that he does not remember being served in this case, and that he "never saw the summons and complaint until June 21, 1983" (well after the default was entered herein). (Richardson Aff., ¶¶ 5, 13)

There is competent and credible evidence that Richardson was served. (Roldan Aff.; McMichaels Aff.) Richardson has not, however, moved for dismissal for want of proper service; rather, Richardson merely seeks to explain his default. Although Richardson may have been negligent in failing to recall the alleged service, he does not appear to have been willful. *See SEC v. Vogel,* 49 F.R.D. 297 (S.D.N.Y.1969) (defendant gave papers to attorney, expecting him to answer complaint; 26 months without answer, defendant not willful). This Court also notes that Richardson is not a businessman or familiar with the legal process; Roundball and Healy have specifically been hired to look after Richardson's legal and financial affairs. *See Morris v. Charnin,* 85 F.R.D. at 690 (defendant composer).

Roundball makes much of the fact that Richardson knew of the action as early as October, 1982. Knowledge that one has been named in the caption of an action does not, however, suffice to relieve plaintiff's burden, in every case, to properly serve the defendants. The earliest that such service was effected herein was March 9, 1983; therefore, Richardson's awareness of the action prior to that date is irrelevant.

Roundball also makes much of the fact that Richardson's current attorney, Healy, was actively litigating this action, somehow imputing additional knowledge and responsibility to Richardson. The short answer to that is that Healy was protecting his own interests, not those of Richardson. Furthermore, this Court finds it strange that Roundball did not notify Healy of the actions it proposed to take against Richardson if it intended to rely on Healy's status as Richardson's attorney. In particular, this Court finds no excuse for Roundball's failure to apprise Richardson or Healy of the imminence of a default judgment, either directly or by copying the letter of May 17, 1983, to Judge Sweet to their attention. *See Morris v. Charnin,* 85 F.R.D. at 690 ("we are unable to find any legitimate rea-

1. In the future, all communications from any party should be copied to all other parties in this action.

son for the failure of plaintiff's counsel to inform his adversary [defendant's counsel] ... that a default on defendant's part seemed imminent").

This Court finds this to be a close question. Richardson was clearly negligent in his handling of this matter. Nonetheless, "all doubts should be resolved in favor of those seeking relief under Rules 55(c) and 60(b)." *Davis,* at 915. *See also Morris,* 85 F.R.D. at 690; *SEC v. Vogel,* 49 F.R.D. at 299. Therefore, this Court finds that the default in this case was not willful.

Richardson has satisfied the second criterion as well: he has stated a meritorious defense. Roundball claims that money is still owed it under its contract with Richardson. Richardson responds that all money owed was paid. That satisfaction of contractual debt is a meritorious defense requires no citation. Furthermore, Richardson need not conclusively prove his defenses at this stage of the action. *See Davis,* at 916. Richardson has, therefore, plead a meritorious defense.

Finally, this Court finds no prejudice to Roundball in granting Richardson relief. Undoubtedly Roundball will be delayed somewhat in receiving its money if it ultimately proves its case on the merits; however, delay is not the kind of prejudice which will avoid vacatur of default judgments. *See Davis,* at 916. Roundball would have to show that this ruling will "result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Davis,* at 916 (quoting C. Wright, A. Miller and M. Kane, *Federal Practice and Procedure: Civil,* § 2699 at 536–37 (1983)). Moreover, Richardson moved promptly to vacate the default judgment herein. *See Thorpe v. Thorpe,* 364 F.2d 692, 694 (D.C. Cir.1966); *Altschul v. Paine Webber, Inc.,* 488 F.Supp. 858, 859 (S.D.N.Y.1980). Finally, discovery will not be hindered, because, apparently, it has not yet commenced in this action. Roundball still must serve its amended complaint on Richardson to start this case moving.

The Court is hesitant to vacate a default judgment entered by another district judge. However, since this case is still in the pre-answer stage, and Judge Sweet's decision was based on papers submitted to him, this Court feels that "it is unlikely that Judge [Sweet] ... had more than marginal familiarity with the parties in this case." *Davis,* at 912–13. As the Second Circuit has stated, "[i]n [the] final analysis a court has the responsibility to do justice between man and man; and general principles cannot justify denial of a party's fair day in court except upon a serious showing of willful default." *Gill v. Stolow,* 240 F.2d 669 (2d Cir.1957). Richardson has satisfied this Court that it should exercise its discretion; it is therefore ORDERED that Richardson's motion to vacate the default judgment is hereby GRANTED.

■ Rule 60(b) expressly authorizes relief "upon such terms as are just." Since Richardson's negligence was the cause for the entry of a default judgment in this case, the Court believes it is appropriate that Richardson bear the costs incurred because of the default. *See, e.g., Hensey Properties, Inc. v. Lamagna,* 23 A.D.2d 742, 258 N.Y.S.2d 495 (1st Dep't 1965); *cf., Thorpe,* 364 F.2d at 694 (discussing imposition of costs). Therefore, it is further ORDERED that Richardson pay Roundball's costs incurred because of the default. Roundball is to submit to the Court for consideration a statement of the court costs and attorneys fees incurred in obtaining the default and in responding to Richardson's motion to vacate. It is further expected that Richardson will fulfill all his "future obligations in this litigation on a timely basis." *Altschul,* 488 F.Supp. at 860.

In sum, default judgment # 83–0847 is vacated. Richardson will bear the costs incurred because of the default.