**Ralph Ratton HALL, Plaintiff,**

v.

**George R. MACKEY and Jerald F.D. Percely, Defendants.**

**No. 88 Civ. 1813 (JMW).**

United States District Court, S.D. New York.

March 15, 1989.

Ralph Ratton Hall, pro se.

Judith Kaufman, Asst. Atty. Gen., New York City, for defendants.

## MEMORANDUM AND ORDER

WALKER, District Judge:

The plaintiff Ralph Ratton Hall is incarcerated at the Woodbourne Correctional Facility. This action, brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, addresses the prison's alleged confiscation of a letter Hall wished to send to the Secretary of State of New York. In the letter, Hall apparently sought permission to distribute funds from a certain account in his name, and to incorporate himself. The underlying action is not presently at issue.

Defendants have moved to vacate a default judgment previously entered by this Court, and for leave to file an answer and otherwise move *nunc pro tanc*. The facts relevant to the current motion are easily summarized.

According to Judith Kaufman, the Assistant Attorney General assigned to this case, the Attorney General's office first learned of this action on February 29, 1988, when it received the complaint. Kaufman Aff. ¶ 3. However, no summons was filed with the complaint, in violation of Fed.R. Civ.P. 4(d). Kaufman says she told the defendants to advise the Attorney General *"immediately* if and when they received a summons and complaint." *Id.* (emphasis added). On August 19, Kaufman received Hall's "petition for writ of mandamus." That petition led her, for the first time, to investigate the matter further. She alleges that James Dirie, Inmate Records Coordinator at the prison, told her that the defendants *had* in fact been served with a summons and complaint on March 31, 1988. She says that, according to Dirie, the defendants mailed the summons and complaint to the Attorney General's office on April 3, 1988. *Id.* ¶ 5. However, the Attorney General's office never received the summons and complaint. *Id.* ¶ 7.

On September 7, 1988, this Court entered a default judgment in Hall's behalf and gave the defendants thirty days to move to vacate the default judgment and "to persuade the Court that they should not be sanctioned."

The standards that govern a motion to set aside a default judgment are familiar. They include "(1) whether the default was willful; (2) whether defendant has a meritorious defense; and (3) the level of prejudice that may occur to the non-defaulting party if relief is granted." *Davis v. Musler,* 713 F.2d 907, 915 (2d Cir.1983). A motion to set aside a default is addressed to the Court's discretion. Fed.R.Civ.P. 60(b)(1).

Although the defendants' argument is rather conclusory—"[t]he defendants deny doing any improper acts regarding plaintiff. This is sufficient to establish meritori-

ous defenses," D.Mem. at 6—the default will be vacated. *See Roundball Enterprises, Inc. v. Richardson,* 99 F.R.D. 174, 177 (S.D.N.Y.1983). Courts favor a full airing of a dispute. Furthermore, plaintiff has advanced no substantial basis for finding prejudice. And the Court accepts defendants' position that their default was not willful. All doubts should be resolved in favor of those seeking relief under Rule 60(b). *See Davis, supra,* at 915.

However, defendants' default appears sloppy and negligent. The Attorney General's office knew more than *one year ago* that Hall sought the proposed declaratory and injunctive relief. Courts are seldom as exacting with a *pro se* litigant as they are with an ordinary civil litigant, especially when the complaint has been served, and the defendants are thus fully on notice of the wrongs they are charged with committing.

The heart of defendants' position is that "the delay in responding to plaintiff's summons and complaint was due to the failure of the delivery of the mail." D.Mem. at 8. An affidavit from Dirie, however, is conspicuously absent, and its absence leads this Court to draw inferences unfavorable to the defendants. In its place, the Court has only Kaufman's affidavit, made on information and belief. *See* Kaufman Aff. ¶ 3. It also remains unclear why Dirie did not simply call Kaufman, especially when, according to her affidavit, she had told the defendants to advise her "immediately" if and when they received the summons and complaint.

Moreover, the defendants admit that *they* were served with the summons and complaint on March 31, 1988. They argue that Hall neglected to serve the Attorney General. It seems that *any* defendant—including a prison official—should take greater care that his attorney remains aware of the status of his case, particularly when his adversary so clearly lacks comparable resources. "Implicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights be-

cause of their lack of legal training." *Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir.1983).

Accordingly, for the reasons set forth above, defendants' motion to set aside the default judgment, and to file an answer and otherwise move *nunc pro tanc,* is granted. However, in light of defendants' unreasonable delay and their meager explanation, the Court imposes sanctions in the amount of $500. The Court directs that the Attorney General deposit the money in a fund to be used by the inmates' legal library at the Woodbourne facility. If for any reason the Court's direction proves impractical, the Court is to be notified at once.

SO ORDERED.